**Joseph J. Haddad, OSB No. 002696**
joseph@jjh-law.com
**Alina M. Salo, OSB No. 164746**
alina@jjh-law.com
**JJH LAW, P.C.**
514 NW 11th Ave., Ste. 201
Portland, OR 97209
Phone: (503) 552-1467
Fax: (503) 552-1468

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON INTERNATIONAL AIR FREIGHT CO., AN OREGON CORPORATION; OIA GLOBAL LOGISTICS-SCM, INC., AN OREGON CORPORATION,** | Case No.: 3:21-cv-01480-SB |
| Plaintiffs, | **DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **HEIDI BASSANO; MARIE BOVEY; LLOYD BURKE; OLIVER BURKE; CHRISTOPHE ESAYIAN; KIMBERLY KOMACKI; MICHAEL LEHNERT; RAUL LUCENA; MIKE RIZZO; TODD SWEENEY; WILLIAM YANKOW, AND DOES 1-30,** | |
| Defendants. | |

**1 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Marie Bovey and Mike Rizzo ("Defendants"), by and through their counsel of record, Joseph J. Haddad and Alina M. Salo of JJH Law, P.C. answers Plaintiffs' Complaint as follows:

1.

To the extent a response is required, Defendants are without sufficient information to admit the allegations contained in paragraph 1 of Plaintiffs' Complaint, and therefore deny the same.

2.

Defendants deny any and all allegations that they stole or misappropriated confidential information belonging to OIA Global. As to any remaining allegations, to the extent a response is required, Defendants are without sufficient information to admit the allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore deny the same.

3.

To the extent a response is required, Defendants are without sufficient information to admit the allegations contained in paragraph 3 of Plaintiffs' Complaint, and therefore deny the same.

4.

Defendants deny any and all allegations that they took any confidential information belonging to OIA Global. As to any remaining allegations, to the extent a response is required, Defendants are without sufficient information to admit the allegations contained in paragraph 4 of Plaintiffs' Complaint, and therefore deny the same.

## PARTIES

5.

Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

**2 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

6.

Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendants lack sufficient information to either admit or deny the allegations of paragraph 7 of Plaintiffs' Complaint and so deny the same.

8.

Defendants admit the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendants admit Defendant Lloyd Burke was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint and so deny the same.

10.

Defendants admit Defendant Oliver Burke was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 10 of Plaintiffs' Complaint and so deny the same.

11.

Defendants admit Defendant Christophe Esayian was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 11 of Plaintiffs' Complaint and so deny the same.

12.

Defendants admit Defendant Kimberly Komacki was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 12 of Plaintiffs' Complaint and so deny the same.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

13.

Defendants admit Defendant Michael Lehnert was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 13 of Plaintiffs' Complaint and so deny the same.

14.

Defendants admit Defendant Raul Lucena was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 14 of Plaintiffs' Complaint and so deny the same.

15.

Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendants admit Defendant Todd Sweeney was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 16 of Plaintiffs' Complaint and so deny the same.

17.

Defendants admit Defendant William Yankow was previously employed at OIA Global, and Defendants lack sufficient information to either admit or deny the remaining allegations of paragraph 17 of Plaintiffs' Complaint and so deny the same.

18.

To the extent a response is required, Defendants are without sufficient information to admit the allegations contained in paragraph 18 of Plaintiffs' Complaint, and therefore deny the same.

**4 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

19.

To the extent a response is required, Defendants are without sufficient information to admit the allegations contained in paragraph 19 of Plaintiffs' Complaint, and therefore deny the same.

20.

Paragraph 20 states a legal conclusion to which no response is required.

21.

Paragraph 21 states a legal conclusion to which no response is required.

22.

Paragraph 22 states a legal conclusion to which no response is required, and to the extent a response is required of Defendants, Defendants admit (i) OIA Global employed Defendants, and (ii) Defendants reported directly or indirectly to OIA individuals located in Oregon, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint, and therefore deny the same.

23.

Paragraph 23 states a legal conclusion to which no response is required.

24.

Defendants admit OIA Global provides services associated with global shipping, packaging, freight forwarding, and material sourcing for supply chains, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 24 of Plaintiffs' Complaint, and therefore deny the same.

25.

**5 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

Defendants are without sufficient information to admit the allegations contained in paragraph 25 of Plaintiffs' Complaint, and therefore deny the same.

26.

Defendants are without sufficient information to admit the allegations contained in paragraph 26 of Plaintiffs' Complaint, and therefore deny the same.

27.

Defendants are without sufficient information to admit the allegations contained in paragraph 27 of Plaintiffs' Complaint, and therefore deny the same.

28.

Defendants are without sufficient information to admit the allegations contained in paragraph 28 of Plaintiffs' Complaint, and therefore deny the same.

29.

Defendants are without sufficient information to admit the allegations contained in paragraph 29 of Plaintiffs' Complaint, and therefore deny the same.

30.

Defendants are without sufficient information to admit the allegations contained in paragraph 30 of Plaintiffs' Complaint, and therefore deny the same.

31.

Defendants are without sufficient information to admit the allegations contained in paragraph 31 of Plaintiffs' Complaint, and therefore deny the same.

32.

Defendants are without sufficient information to admit the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint, and therefore deny the same.

**6 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

33.

Defendants are without sufficient information to admit the allegations contained in paragraph 33 of Plaintiffs' Complaint, and therefore deny the same.

34.

Defendants are without sufficient information to admit the allegations contained in paragraph 34 of Plaintiffs' Complaint, and therefore deny the same. Defendants further deny that they signed or were otherwise subject to an enforceable Confidentiality Agreement; Defendants have no record of any such agreement.

35.

The contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint, and therefore deny the same.

36.

The contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint, and therefore deny the same.

37.

The contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint, and therefore deny the same.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

38.

The contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint, and therefore deny the same.

39.

The contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 39 of Plaintiffs' Complaint, and therefore deny the same.

40.

The contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 40 of Plaintiffs' Complaint, and therefore deny the same.

41.

The contents of OIA Global's "Employee Handbook" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint, and therefore deny the same.

42.

The contents of OIA Global's "Employee Handbook" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint, and therefore deny the same.

**8 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

43.

The contents of OIA Global's "Employee Handbook" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint, and therefore deny the same.

44.

The contents of OIA Global's "Employee Handbook" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint, and therefore deny the same.

45.

The contents of OIA Global's "Employee Handbook" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 45 of Plaintiffs' Complaint, and therefore deny the same.

46.

Paragraph B(44) states a legal conclusion to which no response is required, and Defendants deny the same.

47.

Paragraph B(45) states a legal conclusion to which no response is required, and Defendants deny the same.

48.

Defendants are without sufficient information to admit the allegations contained in paragraph 46 of Plaintiffs' Complaint, and therefore deny the same.

49.

**9 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

Defendants deny any and all allegations that they undertook to steal confidential or proprietary information.  Defendants are without sufficient information to admit the remaining allegations contained in paragraph 47 of Plaintiffs' Complaint, and therefore deny the same.

50.

In response to paragraph 48 of Plaintiffs' Complaint, Defendant Bovey has no record of signing the "Confidentiality Agreement" and "Employee Handbook Acknowledgment," and Defendant Bovey admits she inadvertently emailed herself from her OIA email account and denies any insinuation that the contents contained trade secrets or otherwise constituted a misappropriation of trade secrets; Defendant Rizzo denies he signed the "Employee Handbook Acknowledgement" on September 22, 2005, Defendant Rizzo did not begin employment with Plaintiffs until 2017, and Defendant Rizzo admits he inadvertently emailed himself from his OIA email account and denies any insinuation that the contents contained trade secrets or otherwise constituted a misappropriation of trade secrets; and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 48 of Plaintiffs' Complaint and therefore deny the same.

51.

Defendants are without sufficient information to admit the allegations contained in paragraph 49 of Plaintiffs' Complaint, and therefore deny the same.

## <u>COUNT I</u>
**(Violation of the Economic Espionage Act, as Amended by the Defend Trade Secrets Act, as to all Defendants and Doe Defendants 1-20)**

52.

Defendants admit and deny the allegations in paragraphs 1 through 51 as set forth above.

**10 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

53.

Paragraph 51 states a legal conclusion to which no response is required; Defendants deny they misappropriated trade secrets from Plaintiffs and have received, possessed, and benefited from them, knowing such trade secrets were obtained without authorization, and Defendants deny the remaining allegations of paragraph 51.

54.

Paragraph 52 states a legal conclusion to which no response is required; Defendants deny they engaged in any willful and malicious misappropriation of trade secrets of OIA Global, and Defendants deny the remaining allegations of paragraph 52.

55.

Paragraph 53 states a legal conclusion to which no response is required; Defendants deny Defendants have been unjustly enriched and deny they engaged in any misappropriation of Plaintiffs trade secrets, and Defendants deny the remaining allegations of paragraph 53.

## <u>COUNT II</u>
**(Breach of Employee Confidentiality Agreement as to Defendants Basano, Bovey, Esayian, Komacki, Sweeney, Yankow, and Doe Defendants 1-20)**

56.

Defendants admit and deny the allegations in paragraphs 1 through 55 as set forth above.

57.

To the extent it exists, the contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants deny the remaining allegations of paragraph 57.

58.

**11 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

To the extent it exists, the contents of OIA Global's "Employee Confidentiality Agreement" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 56 of Plaintiffs' Complaint, and therefore deny the same.

59.

Defendants deny paragraph 57 of Plaintiffs' Complaint.

## COUNT III
**(Breach of Employee Handbook Acknowledgement as to Defendants Basano, Bovey, Oliver Burke, Komacki, Rizzo, Sweeney, and Doe Defendants 1-20)**

60.

To the extent it exists, the contents of OIA Global's "Handbook Acknowledgment" should speak for themselves, and Defendants are without sufficient information to admit the remaining allegations contained in paragraph 58 of Plaintiffs' Complaint, and therefore deny the same.

61.

Defendants deny paragraph 59 of Plaintiffs' Complaint.

62.

Defendants deny paragraph 60 of Plaintiffs' Complaint.

## COUNT IV
**(Breach of Duties of Loyalty, Confidentiality and Good Faith and Fair Dealing as to all Defendants and Doe Defendants 1-20)**

63.

Defendants admit and deny the allegations in paragraphs 1 through 61 as set forth above.

64.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

Paragraph 62 states a legal conclusion to which no response is required, and to the extent a response is required, Defendants deny the allegations contained in paragraphs 62 of Plaintiffs' Complaint.

### 65.

Defendants deny paragraph 63 of Plaintiffs' Complaint.

## COUNT V
### (Conversion as to all Defendants and Doe Defendants 1-20)

### 66.

Defendants admit and deny the allegations in paragraphs 1 through 64 as set forth above.

### 67.

Defendants deny paragraph 65 of Plaintiffs' Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not require a response. To the extent a response is expected, Defendants deny that Plaintiffs are entitled to the relief it requests.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

### 68.

Plaintiffs have failed to allege ultimate facts sufficient to constitute claims for relief.

### SECOND AFFIRMATIVE DEFENSE

### (Fault of Others)

### 69.

Plaintiffs' own deliberate, willful, and/or negligent conduct proximately caused or

**13 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

contributed to some or all of the damages and injuries alleged in Plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

70.

Plaintiffs have failed to mitigate the claimed damages in this matter and, therefore, any damages must be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

71.

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose / Impossibility)

72.

Plaintiffs' claims are barred in whole or in part by the doctrines of frustration of purpose and/or impossibility.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

73.

Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Causes)

74.

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

Plaintiffs' damages, if any exist, were the result of causes independent of the purported acts or omissions of Defendants, and such causes were intervening and superseding causes, thereby terminating any alleged liability on the part of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Readily Ascertainable Secret)

### 75.

Plaintiffs' claim under the Defend Trade Secrets Act is barred because its alleged trade secrets were readily ascertainable by proper means

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

### 76.

Defendants, at all material times, acted in good faith and upon a good faith belief that, based upon Plaintiffs' conduct and actions, his conduct was lawful under all state and federal law implicated by Plaintiff's Complaint.

## RESERVATION OF RIGHTS

### 77.

Defendant reserves its right to amend, modify, or add to its Answer and Affirmative Defenses once further information is developed or discovered.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

A.  A judgment dismissing Plaintiffs' Complaint in its entirety and with prejudice;

B.  Plaintiffs take nothing by way of the Complaint, and that judgment be entered in

    favor of Defendants and against Plaintiffs on all causes of action;

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

C.   An award to Defendant of its reasonable costs and expenses of litigation, including

attorney fees and expert witness fees, pursuant to 18 U.S.C. § 1836 or as otherwise

provided for at law; and

D. Such other and further relief as the Court may deem just and proper.

DATED: November 19, 2021.                    **JJH LAW, P.C.**

*/s/ Joseph J. Haddad*

Joseph J. Haddad, OSB No. 002696
joseph@jjh-law.com
Alina M. Salo, OSB No. 164746
alina@jjh-law.com

**16 | DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S
ANSWER AND AFFIRMATIVE DEFENSES**

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS MARIE BOVEY AND MIKE RIZZO'S ANSWER AND AFFIRMATIVE DEFENSES** on the following named person on the date indicated below in the manner indicated:

☐   mailing with postage prepaid
☐   hand delivery
☐   overnight delivery
☐   email
☒   CM/ECF e-filing copy

Philip Guess
philip.guess@klgates.com
Elizabeth White
elizabeth.white@klgates.com
K & L Gates LLP
1 SW Columbia St., Ste. 1900
Portland, Oregon 97204

DATED: November 19, 2021.          **JJH LAW, P.C.**

                                       ***/s/ Alina Salo***
                                         Alina M. Salo
                                         alina@jjh-law.com

*JJH Law, P.C.*
514 NW 11th Ave., Ste. 201
Portland, OR 97209
P: (503) 552-1467
F: (503) 552-1468