**Jason E. Hirshon, OSB No. 052852**
Email: jason@slindenelson.com
SLINDE NELSON
425 NW 10th Avenue, Suite 200
Portland, Oregon 97209
T: 503-417-7777
F: 503-417-4250

*Attorneys for Non-Party, Masterpiece International, Ltd., LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| OREGON INTERNATIONAL AIR FREIGHT CO., an Oregon corporation; OIA GLOBAL LOGISTICS-SCM, INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HEIDI BASSANO; MARIE BOVEY; LLOYD BURKE; OLIVER BURKE; CHRISTOPHE ESAYIAN; KIMBERLY KOMACKI; MICHAEL LEHNERT; RAUL LUCENA; MIKE RIZZO; TODD SWEENEY; WILLIAM YANKOW; and DOES 1-20,<br><br>Defendants. | CASE NO. 3:21-cv-01480-SB<br><br>JUDGE STACIE F. BECKERMAN |

**MEMORANDUM IN SUPPORT OF NON-PARTY'S MOTION TO QUASH OR MODIFY PLAINTIFFS' SUBPOENA TO NON-PARTY MASTERPIECE INTERNATIONAL LTD., LLC**

1

Non-Party, Masterpiece International Ltd., LLC ("Masterpiece") submits the following Memorandum in Support of its Motion to Quash or Modify Plaintiffs' Subpoena served on Masterpiece.

## INTRODUCTION

On January 21, 2022, Plaintiffs served a Subpoena to Produce Documents and Information in the instant matter ("Subpoena") on Masterpiece, a non-party to the case, requesting they produce by February 24, 2022, certain documents. **Ex. 1,** <u>Subpoena to Produce Documents and Information</u>. A majority of the documents that Plaintiffs seek from Masterpiece include documents that are unduly burdensome and overreaching. As a result, Masterpiece requests the Court enter an Order quashing, or in the alternative, modifying, Plaintiffs' Subpoena served on Masterpiece as to Request Nos. 1, 2, 6, 7, 9, 13, and 14.

## STATEMENT OF FACTS

Masterpiece is one of Plaintiffs Oregon International Air Freight Co. and OIA Global Logistics-SCM, Inc. (collectively "OIA Global") primary competitors in the space of logistics. OIA Global alleges Masterpiece "launched a campaign to hire all or substantially all of OIA Global's employees in certain offices as well as individuals in other OIA Global offices located throughout the United States." *See* Plaintiffs' Complaint, ¶ 1. However, OIA Global fails to call attention to the fact that the world of logistics is small, and both OIA Global and Masterpiece both compete for the same pool of employees.

In early October 2021, OIA Global initiated the instant lawsuit though, interestingly, *not* against Masterpiece. *See* Plaintiffs' Complaint, generally. Rather, OIA Global's Complaint was against a number of OIA Global's former employees who left to work for Masterpiece (hereinafter the "Defendants"). *Id.* OIA Global alleged that the Defendants, *i.e.,* the former employees, violated

2

a number of laws when the left OIA Global and became employers of Masterpiece including, but not limited to, that Defendants violated the Economic Espionage Act, breach of employee confidentiality agreements, breach of employee handbook acknowledgments, breach of duties of loyalty, confidentiality and good faith and fair dealing and conversion. *Id.*

In other words, most of OIA Global's allegations are against their former employees who defected to Masterpiece. However, OIA Global avers and insinuates that Masterpiece somehow benefitted from OIA Global's mass exodus of their former employees. For instance, OIA Global alleges Defendants stole OIA Global's confidential and proprietary information "for use by and for the benefit of Masterpiece International." *See* Plaintiffs' Complaint, ¶ 57. Additionally, OAI Global alleges that the Defendants allegedly breached their Handbook Acknowledgments "in furtherance of Masterpiece International's business," and stole OIA Global's "trade secrets and other confidential and proprietary information … in order to further … those of OIA Global's competitors, specifically Masterpiece International…."

The issue here is that there are no claims against Masterpiece. OIA Global broadly claims that Masterpiece launched a campaign to hire its employees, but not a single claim in the Complaint has anything to do with that allegations. Moreover, OIA Global's Subpoena requests information and documents regarding all "Former OIA Employees", which OIA Global defines to mean "any individual that Masterpiece hired, attempted to hire, or discussed an employment, consulting, and/or business relationship with on January 1, 2020 or later who had worked for OIA prior to or during such discussions with Masterpiece." *See* **Ex. 1**, Definition. No. 11—"Former OIA Employees".

OIA Global's Subpoena is, at least in part, an attempt to find information to attempt to build a case against Masterpiece, but Masterpiece is not a party, nor has OIA Global provided any

evidentiary support indicating that Masterpiece in any way encouraged the Defendants to violate any obligations they might have to OIA Global, including no proof that Masterpiece had any knowledge of any non-competition agreements that would somehow prohibit any of OIA Global's employees from working for Masterpiece.

To be clear, Masterpiece has no issue producing the requested information and documents related to the Defendants, and is in the process of gathering that information, but the broad definition of Former OIA Employees is too broad and puts an undue burden on Masterpiece. As such, Masterpiece requests that Requests Nos. 1, 2, 4, 6, 7, 9, 13, and 14 be quashed in full or modified to reduce the burden on Masterpiece and align the documents produced with evidence that would be relevant and admissible in the instant case.

## **LEGAL STANDARD**

Rule 26(b) of the Federal Rules of Civil Procedure permits a party to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The rule is "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Information is "relevant" if it is "reasonably calculated to lead to discovery of admissible evidence," and district courts have broad discretion to determine the relevancy of the information sought. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Nevertheless, courts have limited this broad discovery policy under certain circumstances. Rule 26(c) permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or **limiting the scope of disclosure or discovery to certain matters**…." Fed. R. Civ. P. 26(C) (emphasis added).

Federal Rule of Civil Procedure 23 authorizes the issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). However, the court *must* quash or modify a subpoena if it "subjects a person to an **undue burden**." Fed. R. Civ. P. 45(d)(3)(A) (emphasis supplied); *see also Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012) ("It was within the district court's broad discretion over discovery to grant [the] motion to quash discovery" because the materials sought "were properly deemed not 'relevant' for the purposes of Federal Rule of Civil Procedure 26(b) (1)—that is, not 'reasonably calculated to lead to the discovery of admissible evidence.'"). In considering when a burden is undue, Rule 26 is relevant and should be considered. *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.2d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards when deciding a motion to quash subpoena).

Additionally, while the Subpoena was issued to Masterpiece, a nonparty to this action, special consideration to the burdens imposed on Masterpiece should be given by this Court. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("The Ninth Circuit has long held that

5

nonparties subject to discovery requests deserve extra protection from the courts."). Moreover, "there is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F.Supp.3d 1197, 1203 (D. Or. 2019).

## ARGUMENT

I. **PLAINTIFFS' SUBPOENA AS TO REQUEST NOS. 1, 2, 4, 6, 7, 13, AND 14 SHOULD BE QUASHED TO THE EXTENT THEY IMPOSE AN UNDUE BURDEN ON NONPARTY MASTERPIECE.**

Nonparty Masterpiece objects to OIA Global's Subpoena as to Requests for Production Nos. 1, 2, 4, 6, 7, 9, 13, and 14, as set forth in more detail below.

   **1.    Definition 11 – "Former OIA Employees" means any individual that Masterpiece hired, attempted to hire, or discussed an employment, consulting, and/or business relationship with on January 1, 2020 or later who had worked for OIA prior to or during such discussions with Masterpiece."**

The definition of "Former OIA Employees" is unduly burdensome as it ignores the fact that this case is against specifically-identified former OIA Global Employees who are alleged to have engaged in wrongdoing against OIA Global. The definition of Former OIA Employees in its current form, however, requests information about Masterpiece's employees that OIA Global has no evidence and has lodged no allegations against.

OIA Global's definition of "Former OIA Employees" requires Masterpiece to attempt to identify, from its over approximately 300 employees, and without any further information other than having the names of the Former OIA Employees sued as named Defendants in this action.

As such, Definition No. 11 of "Former OIA Employees" should be modified to mean the named Defendants in this lawsuit. This modification is required for purposes of Requests for Production 1, 2[1], 4[2], 6[3], and 7[4].

**2.  Request for Production 1: "Any and all Documents related to Masterpiece's efforts to recruit or hire any of the Former OIA Employees, including all email and other communications with such persons prior to date they commenced employment with Masterpiece."**

Masterpiece requests the Court to quash OAI Global's Request for Production No. 1 as it is unduly burdensome. Specifically, a number of requests ask Masterpiece to produce documents in regards to all "Former OIA Employees," which OIA Global defines to mean "any individual that Masterpiece hired, attempted to hire, or discussed an employment, consulting, and/or business relationship with on January 1, 2020 or later who had worked for OIA prior to or during such discussions with Masterpiece." Plaintiffs' request is entirely burdensome as it requires Masterpiece to attempt to identify, from its over approximately 300 employees, and without any further information other than having the names of the Former OIA Employees sued as named Defendants in this action, who "Masterpiece hired, attempted to hire, or discussed an employment, consulting, and or business relationship with on January 1, 2020 or later who had worked for OIA prior to or during such discussions with Masterpiece."  See **Ex. 1**, Request for Production, No. 1.

---

[1] Request for Production No. 2 requests Masterpiece produce: "Documents sufficient to show the date on which each of the **Former OIA Employees** commenced employment at Masterpiece as well as the date on which such **Former OIA Employees** received access to a Masterpiece email account." (Emphasis supplied.)

[2] Request for Production No. 4 requests Masterpiece product: "Any and all documents that refer to or relate to communications between Masterpiece, on the one hand, and **Former OIA Employees,** on the other seeking OIA Documents and Information or advising or warning these individuals not to bring OIA Documents and Information with them." (Emphasis supplied.)

[3] Request for Production No. 6 requests Masterpiece produce: "Any and all documents that reflect or refer to communications among or between Masterpiece personnel regarding utilizing **Former OIA Employees** to procure information or clients from OIA." (Emphasis supplied.)

[4] Request for Production No. 7 requests Masterpiece produce: "Any and all documents that refer to, reflect, or relate to communications between any of the **OIA Former Employees**, on the other hand, and any current or former OIA clients, on the other hand, with which the specific **OIA Former Employee** worked while at OIA." (Emphasis supplied.)

7

OIA Global's Request for Production No. 1 is simply an overreaching fishing expedition aimed at identifying any and all employees Masterpiece has hired since 2020. This request subjects Masterpiece, a nonparty in this action, to search its entire computer systems, servers, databases, etc. without even specific employees names nor date range. This request is clearly burdensome to Masterpiece and, as discussed above, ignores the fact that this case is against specifically-identified former OIA Global Employees who are alleged to have engaged in wrongdoing against OIA Global.

Additionally, the documents OIA Global seeks are in possession of the Defendants, as OIA Global alleged in their Complaint. They may also be in the possession of OIA Global itself to the extent the Defendants engaged in such communications during their employment with OIA Global and through OIA Global's email exchange. Because those documents are in possession of the Defendants and/or OIA Global, there is simply no reason to burden the nonparty, Masterpiece, let along to search all of its records in an attempt to determine who of its employees used to work for OIA Global.

"Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). The amount of time and effort required to identify and review documents from however many employees fit into this broad category is undoubtedly burdensome. Moreover, reviewing and producing such documents would force Masterpiece to subsidize the cost of litigation to which it is not even a party to this suit.

Thus, the Court must quash OIA Global's' Subpoena with respect to Request for Production No. 1, as it is unduly burdensome and very costly, or modify it so that the request only extends to documents related to the Defendants.

3. **Request for Production No. 6: "Any and all documents that reflect or refer to communications among or between Masterpiece personnel regarding utilizing Former OIA Employees to procure information or clients from OIA."**

Masterpiece requests the Court to quash Request for Production No. 6 as it is unduly burdensome. Again, Masterpiece repeats and raises the same objections to the definition of "Former OIA Employee" to the extent Request No. 6 requires Masterpiece to identify who a "Former OIA Employee" is.

Additionally, Request for Production No. 6 requires Masterpiece to search its entire employee database to discover this information. Request for Production No. 6 asks for communications with all Masterpiece personnel, which encompasses the entire company itself. To conduct a search of that magnitude would require immense time, energy and expense. Masterpiece's information technology department would have to canvass the entire Masterpiece network to monitor for any connection between a Masterpiece employee and a "Former OIA Employee." Then, Masterpiece's legal counsel would have to review for any type of privilege and apply redactions. Only after these safeguards could Masterpiece produce such documents. Undoubtedly, this would constitute and subject Masterpiece to undue burden, as contemplated by Rule 45.

Moreover, the time frame for this request, *i.e.,* January 1, 2019 through to the present does not align with the relevant timeframe of the underlying litigation further underscoring the unduly burdensome nature of the request on its fac. It also fails to request information about specific employees' or provide specific search terms related to the instant case itself. Instead, OIA Global

9

requests a broad swathe of information designed to harass and burden Masterpiece. Therefore, it is unduly burdensome and very costly and the Court must quash Plaintiffs' Subpoena with respect to Plaintiffs' Subpoena Request No. 6 or otherwise modify it to pertain to just the Defendants.

4. **Request for Production No. 7: "Any and all documents that refer to, reflect, or relate to communications between any of the OIA Former Employees, on the other hand, and any current or former OIA clients, on the other hand, with which the specific OIA Former Employee worked while at OIA."**

Masterpiece requests the Court to quash OIA Global's Request for Production 7 as it is unduly burdensome. Again, Masterpiece repeats and raises the same objections to Request No.1, to the extent Request No. 6 requires Masterpiece to identify who is a "Former OIA Employee".

Further, OIA Global has provided Masterpiece no search terms or other information to aid Masterpiece in determine who OIA Global's clients or former clients are. While the individual Defendants might know who they worked with while employed with OIA Global, this request is thus better suited for the individual Defendants who are parties to the suit and subject to more expansive discovery. Otherwise, Request for Production No. 7, is really just a request for Masterpiece to provide the requested information about all of its current and former clients from the arbitrarily set beginning date of January 1, 2019 through to the present, and clearly unduly burdensome.

Moreover, acquiescing to OIA Global's request would subject Masterpiece to produce confidential proprietary information. As OIA Global alludes to in their Complaint, OIA Global and Masterpiece are competitors in the same market. Providing OIA Global's with information on Masterpiece's current clients would reveal proprietary confidential information to OIA Global, a direct competitor. Additionally, OIA Global does not provide any specificity as to a certain client or former employee. Instead, OIA Global relies on general broad vague descriptors to hopefully gain a competitive advantage in an already competitive market. Thus, OIA Global Request for

10

Production No. 7 is unduly burdensome, especially to a nonparty of this case, and the Court must quash Plaintiffs' Subpoena with respect to OIA Global's Subpoena Request for Production No. 7.

     **5.**    **Request for Production No. 9: "Documents sufficient to identify all new Masterpiece customers since January 2020 through the present that were formerly OIA customers."**

OIA Global's Request for Production No. 9 asks Masterpiece to produce documents to identify all of its new customers that were formerly OIA customers, dating back from January 2020 through to the present.

As set forth above, this case is against a number of former OIA Global's employees. If they attempted to talk to or take OIA Global's customers while working for Masterpiece, they would be in the best position to identify their new Masterpiece customers that were customer while they were with OIA Global. Such a request is nearly impossible for Masterpiece to respond to as it essentially requests Masterpiece provide all documents related to its new customer in the event they might have also been customers of OIA Global. This is unduly burdensome and also requests that Masterpiece produce confidential Information.

OIA Global has no objection to producing information and documents regarding certain specified OIA customers that may be identified by Defendants as fitting the description of this Request for Production No. 9 and requests that the Court quash this Request for Production No. 9 or allow OIA Global to modify it once the Defendants have provided the underlying customer names.

     **6.**    **Request for Production No. 13: "Any and all documents that refer or relate to communications between Masterpiece, on the one hand, and William Yankow, on the other."**

Masterpiece requests the Court to quash OIA Global's Request for Production No. 13 as it is unduly burdensome. OIA Global's Subpoena requests documents between Masterpiece and

William Yankow. Forcing Masterpiece to comb through its entire database for ***any and all*** documents between Masterpiece and William Yankow is entirely burdensome and requests confidential information. First, the request is not specifically tailored to any specific topic having anything to do with the underlying claim in this instant lawsuit and, rather, just requests all communications to/from/between Masterpiece and Defendant Yankow. Fulfilling the request would be unduly burdensome as it would put a significant strain on its IT department, human resources department, and anyone else that might be involved in the production of such documents. The time and expense this request puts on Masterpiece is entirely burdensome. Consequently, the Court must quash Plaintiffs' Subpoena with respect to OIA Global's Subpoena Request for Production No. 13.

In the alternative, if the Court decides it is not burdensome, the Court has the authority to limit the scope of the discovery. Thus, Masterpiece requests the Court limit the scope of OIA Global's request accordingly, specific employees or any other limitations the Court deems fit.

7. **Request for Production No. 14: "Any and all documents that refer or relate to communications between Masterpiece, on the one hand, and any individual that worked for OIA at any time, on the other, regarding establishing a consulting or business relationship."**

Masterpiece requests the Court quash OIA Global's Request for Production No. 14 as it is unduly burdensome to the extent that it requires Masterpiece to identify "any and all documents" relating to communications between Masterpiece and "any individual that worked for OIA at any tim*e*." Forcing Masterpiece to search its entire database for "any and all" documents and communications is entirely burdensome. There are no specific employees or individuals and the request references a broad "consulting or business relationship." OIA Global fails to define what exactly constitutes a "consulting or business relationship," and instead places the burden on nonparty Masterpiece to figure out what documents exactly entail such a request. Thus, because

12

of the undue burden placed on Masterpiece, the Court must quash OIA Global's Subpoena with respect to Request No. 14.

In the alternative, if the Court decides it is not burdensome, the Court has the authority to limit the scope of the discovery. Thus, Masterpiece requests the Court limit the scope of Plaintiffs' request accordingly, such as a defined term of "consulting or business relationship," a timeframe restriction, specific employees or any other limitations the Court deems fit.

## CONCLUSION

For the foregoing reasons, nonparty Masterpiece respectfully requests that this Court enter an Order quashing Plaintiffs' Subpoena with respect to Request Nos. 1, 2, 4, 6, 7, 9, 13, 14.

Respectfully submitted,

By: *s/Jason E. Hirshon*
Jason E. Hirshon, OSB No. 052852
jason@slindenelson.com
*Attorneys for Non-Party, Masterpiece International, Ltd., LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2022, a true copy of the foregoing Response has been forwarded to the following via the Court's electronic filing system and via email:

Philip M. Guess
Elizabeth H. White
Alicia J. LeDuc
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Philip.guess@klgates.com
elizabeth.white@klgates.com
Alicia.leduc@klgates.com

*Attorneys for Plaintiffs / Counter Defendants OIA Global Logistics-SCM Inc. & Oregon International Air Freight Co.*

Courtney Angeli
Kristine M. Lambert
Buchanan Angeli Altschul & Sullivan
921 SW Washington Street, Suite 516
Portland, OR 97205
courtney@baaslaw.com
kristine@baaslaw.com

*Attorneys for Defendant / Counter Claimant Christophe Esayian*

James M. Barrett
Ogletree Deakins Nash Smoak & Stewart, P.C
222 SW Columbus Street, Suite 1500
Portland, OR 97201
james.barrett@ogletreedeakins.com

Martin B. Carroll
David J. Ogles
Fox Swibel Levin & Carroll LLP
200 West Madison St., Suite 3000
Chicago, IL 60606
mcarroll@foxswibel.com
dogles@foxwibel.com

*Attorneys for Defendant Kimberly Komacki*

Henry Brudney
HKM Employment Attorneys LLP

600 Stewart Street, Suite 901
Seattle, WA 98101
hbrudney@hkm.com

Charles W Hamilton, II
HKM Employment Attorneys LLP
1607 NE 41st Ave
Portland, OR 97232
chamilton@hkm.com

Jason A. Rittereiser
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901, Suite 901
Seattle, WA 98101
jrittereiser@hkm.com

*Attorneys for Defendant Todd Sweeney*

Jamison R. McCune
Bodyfelt Mount, LLP
319 SW Washington Street, Suite 1200
Portland, OR 97204
mccune@bodyfeltmount.com

*Attorney for Defendant William Yankow*

Alina Salo
JJH Law, PC
514 NW 11th Ave., Ste. 201
Portland, OR 97209
alina.salo@jacksonlewis.com

*Attorney for Defendant Marie Bovey*

B. Scott Whipple
Whipple Law Office, LLC
1675 SW Marlow Avenue, Suite 201
Portland, OR 97225
scott@whipplelawoffice.com

*Attorneys for Defendant / Counter Claimant, Lloyd Burke*

4857-1259-7005 v3 [71825-8]