IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON INTERNATIONAL AIR
FREIGHT CO., an Oregon corporation; OIA
GLOBAL LOGISTICS-SCM, INC., an
Oregon Corporation,

Plaintiffs,

v.

HEIDI BASSANO; MARIE BOVEY;
LLOYD BURKE; OLIVER BURKE;
CHRISTOPHE ESAYIAN; KIMBERLY
KOMACKI; MICHAEL LEHNERT; RAUL
LUCENA; MIKE RIZZO; TODD
SWEENEY; WILLIAM YANKOW; and
DOES 1-20,

Defendants.

Case No. 3:21-cv-01480-SB

**ORDER ON NON-PARTY
MASTERPIECE INTERNATIONAL'S
RENEWED MOTION TO QUASH**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Oregon International Air Freight Co. and OIA Global Logistics-SCM, Inc.

(together, "OIA") filed a complaint against several former employees alleging misappropriation

of OIA's confidential information and asserting several causes of action. The Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

PAGE 1 – ORDER ON NON-PARTY MASTERPIECE'S RENEWED MOTION TO QUASH

OIA served a subpoena on non-party Masterpiece International, Ltd. ("Masterpiece"), and Masterpiece moved to quash the subpoena in its entirety. (ECF No. 103.) The Court denied the motion to quash, with leave for Masterpiece to object to any individual requests in the subpoena by using the Court's informal discovery dispute resolution procedure. (ECF No. 107.)

OIA and Masterpiece conferred regarding disputes about several individual requests in the subpoena, and submitted their respective positions to the Court. Having considered the formal briefing and informal submissions, as well as oral argument, the Court grants in part, and denies in part, Masterpiece's renewed motion to quash.

## BACKGROUND

OIA is a third-party logistics operator with its headquarters in Oregon. OIA alleges that in late 2020, Masterpiece began to hire several employees away from OIA, and that at least eleven departing employees took confidential company information with them to Masterpiece.

## DISCUSSION

## I.    LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of discovery under Rule 45 is the same as under Rule 26(b). FED. R. CIV. P. 45 advisory committee's note to 1970 amendment. A non-party subject to a subpoena may file a motion to quash or modify the subpoena. *See* FED. R. CIV. P. 45(d)(3).

Generally, the party moving to quash under Rule 45(d)(3) bears the burden of persuasion, but "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) (citation omitted).

///

PAGE 2 – ORDER ON NON-PARTY MASTERPIECE'S RENEWED MOTION TO QUASH

## II.    ANALYSIS

The Court appreciates the extensive conferral efforts of OIA and Masterpiece to resolve or narrow many of their disputes. The Court addresses the remaining disputes herein.

### A.    Definition of "Former OIA Employees"

OIA and Masterpiece dispute whether OIA may obtain discovery from Masterpiece relating only to the former OIA employees named in the complaint (i.e., former employees whom OIA has reason to believe misappropriated confidential information), or whether OIA may also obtain discovery relating to other former OIA employees with connections to Masterpiece whom OIA does not yet have a sufficient factual basis to name as defendants.

Unless OIA has a factual basis to believe that a specific former employee misappropriated confidential information or that a competitor encouraged the misappropriation, far-reaching non-party discovery is an inappropriate mechanism to investigate *possible* claims against additional former employees or a competitor.[1] *See, e.g.*, *Gopher Media, LLC v. Spain*, No. 3:19-cv-02280-CAB-KSC, 2020 WL 6741675, at *3 (S.D. Cal. Nov. 17, 2020) (denying the plaintiff's motion to compel non-party competitors to produce detailed information and communications about the plaintiff's other former employees working for the non-party competitor because the requested discovery was "not remotely relevant to the claims and defenses herein" and the plaintiff "is not entitled to conduct such a sweeping examination of the nonparties' files and witnesses"); *see also Medtronic MiniMed, Inc. v. Animas Corp.*, No. C 13-

---

[1] Specifically, if Employee A left OIA with confidential information, that does not make it more likely that Employee B who left OIA also took confidential information, absent allegations of a conspiracy or coordination, which OIA has not alleged in its complaint. (*See* Compl. ¶ 4, acknowledging that OIA is not alleging that Masterpiece encouraged OIA employees to bring OIA's confidential information with them to Masterpiece, but reserving the right to name Masterpiece as a defendant if OIA discovers a pattern of such encouragement.)

80294 WHA, 2014 WL 308952, at *3 (N.D. Cal. Jan. 27, 2014) ("Plaintiffs cannot bootstrap discovery for some unrelated potential future breach of contract or misappropriation of trade secrets action against a third-party to the current . . . action."). Therefore, the Court adopts Masterpiece's position with respect to the appropriate definition of "Former OIA Employees," to include named defendants Marie Bovey, Lloyd Burke, Oliver Burke, Christophe Esayian, Kimberly Komacki, Michael Lehnert, Raul Lucena, Mike Rizzo, and Todd Sweeney.[2]

If OIA develops a factual basis to believe that any other former employee has misappropriated its confidential information, it may move to amend its complaint to name additional defendants, and add those defendants to the list of relevant "Former OIA Employees." Similarly, if OIA develops a factual basis to believe that Masterpiece or any of its employees has engaged in misappropriation or other misconduct, it may seek leave to amend its complaint, and seek additional discovery.[3]

## B.    Request No. 1

OIA requests "[a]ny and all Documents related to Masterpiece's efforts to recruit or hire any of the Former OIA Employees, including all email and other communications with such persons prior to date they commenced employment with Masterpiece." Masterpiece objects on the ground that the request goes to the intent and actions of Masterpiece rather than any of the named defendants, and there was nothing improper about Masterpiece recruiting OIA employees in the absence of non-compete and non-solicitation agreements. Further, OIA specifically

---

[2] By agreement, the resolution of this definition resolves the pending disputes relating to Request Nos. 2-3.

[3] The Court understands that Masterpiece's prior counsel agreed to a broader definition of "Former OIA Employees," which does not bind the Court. Of course, there are strategic litigation benefits that may motivate a non-party's cooperation, including avoiding being named as a party.

requested information related to any efforts by Masterpiece to seek OIA confidential information from OIA employees in Request No. 4.

The Court agrees with Masterpiece that information about Masterpiece's general recruitment efforts is not relevant nor proportional, and that any communications between Masterpiece and the Former OIA Employees relating to OIA's confidential information is already captured by Request No. 4 ("Any and all documents that refer to or relate to communications between Masterpiece, on the one hand, and Former OIA Employees, on the other, seeking OIA Documents and Information or advising or warning these individuals not to bring OIA Documents and Information with them."). Therefore, the Court GRANTS Masterpiece's motion to quash this request.

### C.      Request No. 5

OIA requests "[a]ny and all non-privileged communications between Masterpiece, on the one hand, and Former OIA Employees, on the other, that refer to or relate to the allegations in the Complaint." Masterpiece objects on the ground that the request seeks irrelevant post-complaint communications, and because the communications are available from the named defendants.

The Court agrees with OIA that this request seeks information relevant to the named defendants' alleged misappropriation of OIA's confidential information. Further, the request is narrowly tailored to the named defendants, and to communications that refer or relate to the allegations in the Complaint, rather than all communications between Masterpiece and Former OIA Employees. Although OIA has also sought this information from the named defendants, Masterpiece is better positioned to capture the relevant universe of such communications (including deleted communications), and not all of the named defendants are still employed by Masterpiece and therefore do not have access to search Masterpiece's email system. *See Mowat*

*Constr. Co. v. Dorena Hydro, LLC*, No. 6:14-CV-00094-AA, 2015 WL 13867691, at *2 (D. Or. May 18, 2015) ("The fact that [the defendant] could potentially obtain this information 'via discovery from the parties to the litigation, including [the plaintiff],' does not excuse [the non-party's] compliance." (citing *Software Rights Archive, LLC v. Google Inc*., Misc. No. 09-017-JJF, 2009 WL 1438249, at *2 (D. Del. May 21, 2009))). For these reasons, the Court DENIES Masterpiece's motion to quash this request.

### D.    Request No. 6

OIA requests "[a]ny and all documents that reflect or refer to communications among or between Masterpiece personnel regarding utilizing Former OIA Employees to procure information or clients from OIA." Masterpiece objects on the grounds, *inter alia*, that the request targets non-party Masterpiece's intent and actions, rather than the named individual defendants, and the request is overbroad because it targets any efforts to procure OIA clients and is not limited to improper efforts to procure OIA clients. The Court agrees, and GRANTS the motion to quash this request.

### E.    Request No. 7

OIA originally requested "[a]ny and all documents that refer to, reflect, or relate to communications between any of the OIA Former Employees, on the one hand, and any current or former OIA clients, on the other hand, with which the specific OIA Former Employee worked while at OIA." During conferral, OIA modified its request to "[a]ny and all documents that refer to, reflect, or relate to any attempt by Former OIA Employees to move work from OIA to Masterpiece using OIA confidential or proprietary information, trade secrets, or stolen information." Masterpiece prefers the modified version, but continues to object on the ground that OIA may request the same information from the named defendants.

The Court finds that Request No. 7, as modified, seeks relevant and proportional information, that the scope of the discovery is appropriate for a non-party under these circumstances, and that Masterpiece is better positioned to capture the relevant universe of such communications. The Court therefore GRANTS Masterpiece's motion to quash the original request but orders Masterpiece to respond to the modified request.

### F.    Request No. 9

OIA originally requested "[d]ocuments sufficient to identify all new Masterpiece customers since January 1, 2020 through the present that were formerly OIA customers." During conferral, OIA modified its request: "[f]or all former OIA clients or customers which OIA contends the Former OIA Employees wrongfully moved to Masterpiece, documents sufficient to show whether those customers or clients are Masterpiece customers or clients, when they became Masterpiece customers or clients, and the sales/services Masterpiece has provided" (and OIA will provide this list of former OIA clients or customers to Masterpiece, subject to the protective order). Masterpiece prefers the modified request, but argues that the request should be limited to a list of OIA clients whose information is contained in any of the named defendants' allegedly misappropriated material.

The Court finds that the request, as modified, seeks relevant and proportional information and that its scope is appropriate for a non-party under these circumstances. The Court therefore GRANTS Masterpiece's motion to quash the original request, but orders Masterpiece to respond to the modified request.

///

///

///

///

PAGE 7 – ORDER ON NON-PARTY MASTERPIECE'S RENEWED MOTION TO QUASH

**CONCLUSION**

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART

Masterpiece's renewed motion to quash (ECF No. 103). OIA and Masterpiece shall confer

regarding a mutually agreeable timetable for the production of the materials discussed herein.

**IT IS SO ORDERED.**

DATED this 5th day of July, 2022.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge