Darin Sands, OSB No. 106624
Bradley Bernstein Sands LLP
1425 SW 20th Ave, Suite 201
Portland, OR 97201
503-734-2480
dsands@bradleybernsteinllp.com

Mitchell Karlan, *pro hac vice*
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-3827
MKarlan@gibsondunn.com

Jessica Brown, *pro hac vice*
Gibson, Dunn & Crutcher LLP
1801 California Street
Denver, CO 80202
303-298-5944
JBrown@gibsondunn.com

*Attorneys for Defendant Masterpiece
International, Ltd., LLC*


# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| OREGON INTERNATIONAL AIR FREIGHT CO., an Oregon corporation; OIA GLOBAL LOGISTICS-SCM, INC., an Oregon corporation, | |
| Plaintiffs, | CASE NO. 3:21-cv-01480-SB |
| v. | **DEFENDANT MASTERPIECE INTERNATIONAL LTD., LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT** |
| HEIDI BASSANO; MARIE BOVEY; LLOYD BURKE; OLIVER BURKE; CHRISTOPHE ESAYIAN; KIMBERLY KOMACKI; MICHAEL LEHNERT; RAUL LUCENA; MIKE RIZZO; TODD SWEENEY; WILLIAM YANKOW; MASTERPIECE INTERNATIONAL LTD., LLC and DOES 1-20, | |
| Defendants. | |

Defendant Masterpiece International, Ltd., LLC ("Masterpiece") files this Answer to the First Amended Complaint filed by Plaintiffs Oregon International Air Freight Co. and OIA Global Logistics-SCM, Inc. (together, "OIA"). Dkt. 117.

OIA commenced this action to scare OIA employees from defecting to Masterpiece and to retaliate against Masterpiece for hiring them—not to protect any legitimate trade secrets. OIA and Masterpiece are competitors in the international logistics industry; in other words, they help ship items from one location to another. There is no "secret sauce" in this industry, which largely relies on publicly available information. Instead, companies compete through service and relationships.

Throughout 2019, 2020, and 2021, OIA underwent management and organizational changes resulting in hundreds of terminations and resignations. A fraction of the employees who left OIA during that tumultuous period joined Masterpiece, a small logistics operation whose parent company is headed by a well-liked former OIA executive, Dante Fornari. Incensed that Fornari had hired former OIA employees, OIA's founder Steve Akre called Fornari in early 2021 and threatened him. Soon thereafter, OIA began sending cease and desist letters and sued eleven of its former employees who they *thought* joined Masterpiece[1] over specious claims related to non-sensitive, customarily shared price quotes. OIA then held internal meetings where it broadcast its lawsuit and warned its employees about the consequences of joining Masterpiece.

This action has never been about "trade secrets," but instead has a served as a pretext for OIA to stifle competition and employee mobility. Masterpiece denies the allegations in OIA's First Amended Complaint and, after successfully defending against OIA's bad-faith and anti-competitive action, intends to seek attorney fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

---

[1] While OIA continues to suggest that Raul Lucena had a "position" with Masterpiece, *see* FAC ¶ 52(h), both the discovery Masterpiece has already provided to OIA and Mr. Lucena's own representations to this Court, *see* Dkt. 54, make clear that he was never employed at Masterpiece.

Except as expressly admitted or otherwise denied herein, Masterpiece denies all allegations against it under Fed. R. Civ. P. 8(b).

## INTRODUCTION

1.      Answering paragraph 1 of the First Amended Complaint, Masterpiece denies these allegations.

2.      Answering paragraph 2 of the First Amended Complaint, Masterpiece denies these allegations.

3.      Answering paragraph 3 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

4.      Answering paragraph 4 of the First Amended Complaint, Masterpiece denies these allegations.

## PARTIES

5.      Answering paragraph 5 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

6.      Answering paragraph 6 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

7.      Answering paragraph 7 of the First Amended Complaint, Masterpiece admits that Marie Bovey is a resident of California; lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

8.      Answering paragraph 8 of the First Amended Complaint, Masterpiece denies that Lloyd Burke is a resident of Illinois; lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

9.      Answering paragraph 9 of the First Amended Complaint, Masterpiece admits that Oliver Burke is a resident of Illinois; lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

10.      Answering paragraph 10 of the First Amended Complaint, Masterpiece admits that Christophe Esayian is a resident of Oregon; lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

11.      Answering paragraph 11 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

12.      Answering paragraph 12 of the First Amended Complaint, Masterpiece admits that Michael Lehnert is a resident of Illinois; lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

13.      Answering paragraph 13 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

14.      Answering paragraph 14 of the First Amended Complaint, Masterpiece admits that Mike Rizzo is a resident of Illinois; lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

15.      Answering paragraph 15 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny the remaining allegations and on that basis denies the allegations.

16.      Answering paragraph 16 of the First Amended Complaint, Masterpiece admits that it is a Delaware limited liability company with its headquarters in New York. Masterpiece admits that it competes with OIA. Masterpiece denies that its president or anyone else at the company acquired OIA Global trade secrets in the process of hiring OIA Global employees.

17.    Answering paragraph 17 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations

## JURISDICTION AND VENUE

18.    Answering paragraph 18 of the First Amended Complaint, Masterpiece does not contest this Court's jurisdiction.

19.    Answering paragraph 19 of the First Amended Complaint, Masterpiece does not contest this Court's jurisdiction; asserts that the only state-law claim brought against Masterpiece is preempted by the Oregon Trade Secrets Act, ORS §§ 646.461–646.507.

20.    Answering paragraph 20 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

21.    Answering paragraph 21 of the First Amended Complaint, Masterpiece does not contest this Court's jurisdiction but denies that it was part of a scheme to steal information or has taken any actions aimed at harming OIA.

22.    Answering paragraph 22 of the First Amended Complaint, Masterpiece does not contest that venue is proper.

## ALLEGEDLY MATERIAL FACTS

23.    Answering paragraph 23 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

24.    Answering paragraph 24 of the First Amended Complaint, Masterpiece admits the global logistics and transportation business is comprised of both U.S.-based and international participants; denies that customer-specific information—as opposed to ordinary considerations such as price, quality, reliable delivery, and efficient service—is the main consideration when competing for business in the global logistics industry.

25.     Answering paragraph 25 of the First Amended Complaint, Masterpiece denies that customer-specific information—as opposed to ordinary considerations such as price, quality, reliable delivery, and efficient service—is the main consideration when competing for business in the global logistics industry; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

26.     Answering paragraph 26 of the First Amended Complaint, Masterpiece denies that customer-specific information—as opposed to ordinary considerations such as price, quality, reliable delivery, and efficient service—is the main consideration when competing for business in the global logistics industry; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

27.     Answering paragraph 27 of the First Amended Complaint, Masterpiece denies that customer-specific information—as opposed to ordinary considerations such as price, quality, reliable delivery, and efficient service—is the main consideration when competing for business in the global logistics industry; denies that the type of customer information listed would be impossible to easily replicate given that such information is widely available through standard trade databases; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

28.     Answering paragraph 28 of the First Amended Complaint, Masterpiece denies that customer-specific information—as opposed to ordinary considerations such as price, quality, reliable delivery, and efficient service—is the main consideration when competing for business in the global logistics industry; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

29.    Answering paragraph 29 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

30.    Answering paragraph 30 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

31.    Answering paragraph 31 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

32.    Answering paragraph 32 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

33.    Answering paragraph 33 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

34.    Answering paragraph 34 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself.

35.    Answering paragraph 35 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself.

36.    Answering paragraph 36 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

37.    Answering paragraph 37 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

38.    Answering paragraph 38 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

39.     Answering paragraph 39 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

40.     Answering paragraph 40 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

41.     Answering paragraph 41 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself.

42.     Answering paragraph 42 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself.

43.     Answering paragraph 43 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself.

44.     Answering paragraph 44 of the First Amended Complaint, Masterpiece asserts that the alleged document speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

45.     There is no paragraph 45 in the First Amended Complaint.

46.     There is no paragraph 46 in the First Amended Complaint.

47.     Answering paragraph 47 of the First Amended Complaint, Masterpiece asserts that these allegations call for a legal conclusion and thus are inappropriate for admission or denial; to the extent they are factual, Masterpiece denies these allegations.

48.     Answering paragraph 48 of the First Amended Complaint, Masterpiece asserts that these allegations call for a legal conclusion and thus are inappropriate for admission or denial; to the extent they are factual, Masterpiece denies these allegations.

49.     Answering paragraph 49 of the First Amended Complaint, Masterpiece admits that it hired some employees who were formerly employees of OIA; admits that it communicated job offers and coordinated interviews with former OIA employees by contacting them at their OIA email address; admits that some former OIA employees who did not have non-solicit agreements with OIA were involved in recruiting other former OIA employees to join Masterpiece; denies the implication that there was anything illegal or wrongful about Masterpiece hiring former OIA employees.

50.     Answering paragraph 50 of the First Amended Complaint, Masterpiece denies that it knowingly received or benefited from any OIA trade secrets. To the extent these allegations deal with the actions of the individual defendants, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

51.     Answering paragraph 51 of the First Amended Complaint, Masterpiece admits that some OIA customers, for example some that were dissatisfied with the service they received at OIA, moved to Masterpiece. Masterpiece denies that these customers' decisions to move were influenced by OIA trade secret information related to these customers. To the extent these allegations deal with the actions of the individual defendants, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

52.     Answering paragraph 52 of the First Amended Complaint, Masterpiece admits that Thomas Gilgen, Charlie Hanson, and Nick Iosue received the emails described in this paragraph; asserts that the emails and documents referenced herein speak for themselves; denies they rise to the level of trade secrets; and denies that Masterpiece knowingly received any stolen trade secret information belonging to OIA. Masterpiece admits that Matt Yankow works at Masterpiece and admits that Masterpiece first registered to do business in Ohio on June 25, 2021. To the extent

these allegations deal with the actions of the individual defendants, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

53.    Answering paragraph 53 of the First Amended Complaint, Masterpiece admits that Thomas Gilgen and Nick Iosue received the emails described in this paragraph; asserts that the documents referenced herein speak for themselves; denies they rise to the level of trade secrets; and denies that it knowingly received any stolen trade secret information belonging to OIA. Masterpiece admits that it created Masterpiece email addresses for some of the named defendants after those individuals accepted a job offer from Masterpiece but prior to their alleged departure date from OIA; denies that it did so to enable theft of trade secrets or for any reason other than administrative convenience. To the extent these allegations deal with the actions of the individual defendants and their employment status with OIA, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

54.    Answering paragraph 54 of the First Amended Complaint, Masterpiece admits that it competes with OIA but denies that customer-specific information—as opposed to ordinary considerations such as price, quality, reliable delivery, and efficient service—is the main consideration when competing for business in the global logistics industry.

55.    Answering paragraph 55 of the First Amended Complaint, Masterpiece admits that it competes with OIA and has some offices in locations where OIA also has offices.

56.    Answering paragraph 56 of the First Amended Complaint, Masterpiece denies that any of OIA's information would be useful or helpful in competing with OIA, and specifically denies that any of the information listed constitutes a trade secret.

57.     Answering paragraph 57 of the First Amended Complaint, Masterpiece admits that it received a cease and desist letter from OIA; asserts that the letter speaks for itself; lacks information sufficient to admit or deny the remaining allegations and on that basis denies them.

58.     Answering paragraph 58 of the First Amended Complaint, Masterpiece admits that, on receipt of OIA's cease and desist letter, it took OIA's allegations seriously and denied that it has any interest in OIA's information. Masterpiece continues to deny that it has any interest in OIA's information.

59.     Answering paragraph 59 of the First Amended Complaint, Masterpiece denies these allegations and specifically denies that any information sent to Thomas Gilgen constituted a trade secret or was used to Masterpiece's benefit.

60.     Answering paragraph 60 of the First Amended Complaint, Masterpiece admits that Marie Bovey sent emails to Thomas Gilgen, but denies that the emails contained any OIA trade secrets; asserts that the documents referenced in paragraph 60 speak for themselves.

61.     Answering paragraph 61 of the First Amended Complaint, Masterpiece admits that Kimberly Komacki sent emails to Thomas Gilgen, but denies that the emails contained any OIA trade secrets; asserts that the documents referenced in paragraph 61 speak for themselves.

62.     Answering paragraph 62 of the First Amended Complaint, Masterpiece admits that Kimberly Komacki sent emails to Brian Summers, but denies that the emails contained any OIA trade secrets; asserts that the documents referenced in paragraph 62 speak for themselves.

63.     Answering paragraph 63 of the First Amended Complaint, Masterpiece admits that Kimberly Komacki sent an email to Thomas Gilgen, Nick Iosue, Vice President for Trade Development Abed Medawar, and Director of Product Management Vlad Fruman, but denies that

the email contained any trade secrets; asserts that the documents referenced in paragraph 63 speak for themselves.

64.    Answering paragraph 64 of the First Amended Complaint, Masterpiece admits that Kimberly Komacki sent an email to Thomas Gilgen, Nick Iosue, Abed Medawar, and Vlad Fruman, but denies that the email contained any OIA trade secrets; asserts that the documents referenced in paragraph 64 speak for themselves.

65.    Answering paragraph 65 of the First Amended Complaint, Masterpiece admits that Kimberly Komacki sent an email to Thomas Gilgen, Nick Iosue, Abed Medawar, and Vlad Fruman, but denies that the email contained any OIA trade secrets; asserts that the documents referenced in paragraph 65 speak for themselves.

66.    Answering paragraph 66 of the First Amended Complaint, Masterpiece admits that Kimberly Komacki and Heidi Bassano emailed each other, but denies that this led to Masterpiece receiving or using any OIA trade secret information; asserts that the documents referenced in paragraph 66 speak for themselves. To the extent these allegations deal with the actions of the individual defendants, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

67.    Answering paragraph 67 of the First Amended Complaint, Masterpiece asserts that this allegation calls for speculation, and denies the allegation on that basis. Masterpiece specifically denies that it welcomed or used any OIA trade secrets.

68.    Answering paragraph 68 of the First Amended Complaint, Masterpiece denies this allegation.

## COUNT I (Violation of the Economic Espionage Act, as Amended by the Defend Trade Secrets Act, as to all Individual Defendants, Masterpiece International and Doe Defendants 1–20)

69.     Answering paragraph 69 of the First Amended Complaint, Masterpiece incorporates and restates by reference its responses to all preceding allegations.

70.     Answering paragraph 70 of the First Amended Complaint, to the extent these allegations deal with the actions of the individual defendants, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations; further denies that any of the information described in the First Amended Complaint constitutes a trade secret.

71.     Answering paragraph 71 of the First Amended Complaint, Masterpiece asserts that these allegations call for a legal conclusion and thus are inappropriate for admission or denial; to the extent they are factual and deal with the actions of the individual defendants, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations; further denies that any of the information described in the First Amended Complaint constitutes a trade secret.

72.     Answering paragraph 72 of the First Amended Complaint, Masterpiece denies these allegations.

73.     Answering paragraph 73 of the First Amended Complaint, Masterpiece denies these allegations.

74.     Answering paragraph 74 of the First Amended Complaint, Masterpiece asserts that these allegations call for a legal conclusion and thus are inappropriate for admission or denial; to the extent they are factual, Masterpiece denies the allegations.

75.     Answering paragraph 75 of the First Amended Complaint, Masterpiece lacks information sufficient to admit or deny these allegations and on that basis denies the allegations.

76.    Answering paragraph 76 of the First Amended Complaint, Masterpiece asserts that these allegations call for a legal conclusion and thus are inappropriate for admission or denial; to the extent they are factual, Masterpiece denies the allegations.

77.    Answering paragraph 77 of the First Amended Complaint, Masterpiece denies these allegations.

**COUNT II (Breach of Employee Confidentiality Agreement as to Defendants Bovey, Esayian, Komacki, Sweeney, and Doe Defendants 1–20)**

78.    Paragraph 78 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

79.    Paragraph 79 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

80.    Paragraph 80 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

81.    Paragraph 81 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

**COUNT III (Breach of Employee Handbook Acknowledgement as to Defendants Bovey, Oliver Burke, Komacki, Rizzo, Sweeney, and Doe Defendants 1–20)**

82.    Paragraph 82 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

83.    Paragraph 83 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

84.    Paragraph 84 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

**COUNT IV (Breach of Duties of Loyalty, Confidentiality, and Good Faith
and Fair Dealing as to All Individual Defendants and Doe Defendants 1–20)**

85.    Paragraph 85 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

86.    Paragraph 86 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

87.    Paragraph 87 of the First Amended Complaint does not involve "allegations asserted against [Masterpiece] by an opposing party," Fed. R. Civ. P. 8(b)(1)(B), and Masterpiece is therefore not obliged to admit or deny any of the allegations therein.

**COUNT V (Conversion as to All Individual Defendants, Masterpiece
International, and Doe Defendants 1–20)**

88.    Answering paragraph 88 of the First Amended Complaint, Masterpiece incorporates and restates by reference its responses to all preceding allegations.

89.    Answering paragraph 89 of the First Amended Complaint, Masterpiece asserts that these allegations call for a legal conclusion and thus are inappropriate for admission or denial; to the extent they are factual, Masterpiece denies the allegations; asserts that the entire claim is preempted by the Oregon Trade Secrets Act, ORS §§ 646.461–646.507. Masterpiece specifically

denies that it received or benefited from any OIA trade secrets or that OIA was harmed by any of the actions alleged.

90.     As to the unnumbered "Wherefore" clause, Masterpiece denies any liability to OIA, in any form or amount.

## <u>MASTERPIECE'S AFFIRMATIVE AND OTHER DEFENSES[2]</u>

1.      **<u>FIRST DEFENSE</u>**. OIA fails to state a claim upon which relief can be granted.

2.      **<u>SECOND DEFENSE</u>**. OIA fails to state a claim in Count I for Violation of the Economic Espionage Act, as Amended by the Defend Trade Secrets Act (the "DTSA claim"), because it has not identified any legally protected trade secret with specificity.

3.      **<u>THIRD DEFENSE</u>**. OIA's DTSA claim fails because the information that it claims constitutes a trade secret is "generally known" or "readily ascertainable through proper means by[] another person." 18 U.S.C. § 1839(3)(B).

4.      **<u>FOURTH DEFENSE</u>**. OIA's DTSA claim fails because the alleged trade secrets lack independent economic value.

5.      **<u>FIFTH DEFENSE</u>**. OIA's DTSA claim fails because OIA has not taken reasonable measures to keep the alleged trade secrets—most of which are freely shared with customers without use of nondisclosure agreements —a secret.

6.      **<u>SIXTH DEFENSE</u>**. OIA's DTSA claim fails because Masterpiece did not acquire the alleged trade secrets by improper means.

7.      **<u>SEVENTH DEFENSE</u>**. OIA's claim for conversion is barred because it is statutorily preempted by the Oregon Defend Trade Secrets Act, ORS §§ 646.461–646.507, and is duplicative of OIA's DTSA claim.

8.      **<u>EIGHTH DEFENSE</u>**. OIA suffered no damages by reason of any act or omission of Masterpiece.

---

[2]    Nothing herein should be construed to suggest that Masterpiece bears the burden of proof on any of the issues set forth below.

9.    **NINTH DEFENSE**. OIA's alleged damages are too remote or speculative to ascertain or apportion.

10.    **TENTH DEFENSE**. OIA's alleged damages, if any, were the result of one or more superseding or intervening causes or were caused by the acts and/or failures to act of persons or entities other than Masterpiece and were not the result of any act or omission by Masterpiece.

11.    **ELEVENTH DEFENSE**. OIA's claims are barred, in whole or in part, by OIA's failure to mitigate damages, if any.

12.    **TWELFTH DEFENSE**. OIA's claims are barred, in whole or in part, by the doctrine of unclean hands, waiver, and/or estoppel.

13.    **THIRTEENTH DEFENSE**. OIA's requests for injunctive relief are barred because there exists an adequate remedy at law (though such remedies are not meritorious) and OIA's claims otherwise fail to meet the requirements for such relief, including because its alleged injury is not immediate or irreparable.

14.    **FOURTEENTH DEFENSE**. OIA's requests for an accounting, double damages, and attorneys' fees are not warranted or merited on the facts of this case.

15.    **FIFTEENTH DEFENSE**. OIA's DTSA claim was brought in bad faith and/or for an improper purpose.

16.    **RESERVATION OF OTHER DEFENSES**. Masterpiece is informed and believes that it may have other defenses of which it is presently unaware. Masterpiece reserves the right to allege additional defenses upon discovery of additional facts during the course of discovery.

17.    Wherefore, Masterpiece denies that OIA is entitled to any of the relief it seeks and prays for judgment as follows.

     a.       That OIA takes nothing by their First Amended Complaint;

     b.       That the Court dismiss, with prejudice, OIA's First Amended Complaint, and award Masterpiece its recoverable costs and attorneys' fees; and

     c.       That the Court award Masterpiece such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Masterpiece hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of October, 2022.

*s/ Darin M. Sands*

Darin M. Sands, OSB No. 106624
dsands@bradleybernsteinllp.com
Bradley Bernstein Sands LLP
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
Telephone: 503.734.2480

Mitchell Karlan, *pro hac vice*
MKarlan@gibsondunn.com
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-351-3827

Jessica Brown, *pro hac vice*
JBrown@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1801 California Street
Denver, CO 80202
Telephone: 303.298.5944

*Attorneys for Defendant Masterpiece*
*International Ltd., LLC*